# EXHIBIT "A"

**DISANDRO & MALLOY, P.C.**
By: Robert A. DiSandro, Esquire
Identification No. 320955
1760 Market Street, Suite 1201
Philadelphia, Pennsylvania 19103
(215) 587-9900



Filed And Attested by the
Office of Judicial Records
20

ATTORNEYS FOR PLAINTIFF

K.H. ████████████, a minor by his
parent and natural guardian, SHAMARRA
HALEY, and SHAMARRA HALEY, in her
own right
249 Cardiff Way
Bear, DE 19701

vs.

TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, MN 55403
and
MARSHALL FIELD STORES INC.
1000 Nicollet Mall
Minneapolis, MN 55403
and
KAZ USA, INC.
1 Helen of Troy Plaza
El Paso, TX 79912
and
HELEN OF TROY LTD.
1 Helen of Troy Plaza
El Paso, TX 79912
and
HELEN OF TROY CORP.
1 Helen of Troy Plaza
El Paso, TX 79912
and
ABC COMPANY 1
Fictitious Name for Unknown Business Entity
Which Sold, Modified, Manufactured,
Designed, Inspected, Repaired, Tested,
Maintained and/or Marketed the Vick's Warm
Mist Humidifier bearing Model #
VWM845V2 involved in Plaintiff's accident
on March 2, 2024
and
ABC COMPANY 2

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2026

NO.

Case ID: 260202890

Fictitious Name for Unknown Business Entity Which Sold, Modified, Manufactured, Designed, Inspected, Repaired, Tested, Maintained and/or Marketed the Vick's Warm Mist Humidifier bearing Model # VWM845V2 involved in Plaintiff's accident on March 2, 2024
and
ABC COMPANY 3
Fictitious Name for Unknown Business Entity Which Sold, Modified, Manufactured, Designed, Inspected, Repaired, Tested, Maintained and/or Marketed Component Parts of the Vick's Warm Mist Humidifier bearing Model # VWM845V2involved in Plaintiff's accident on March 2, 2024

## CIVIL ACTION

### NOTICE

You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP  THIS  OFFICE  CAN  PROVIDE  YOU  WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES  THAT  MAY  OFFER  LEGAL  SERVICES  TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street, 11ᵗʰ floor
Philadelphia, PA  19107
Telephone  215-238-6333

### AVISO

Le han demandado a usted en la corte  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE    ESTA    DEMANDA    A    UN    ABOGADO INMEDIATAMENTE  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL  ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO  SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA   OFICINA   PUEDE   PROVEER   A   USTED   CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
1101 Market Street, 11ᵗʰ floor
Filadelfia, Pennsylvania 19107
Teléfono  215-238-6333

Case ID: 260202890

**DISANDRO & MALLOY, P.C.**
By: Robert A. DiSandro, Esquire
Identification No. 320955
1760 Market Street, Suite 1201
Philadelphia, Pennsylvania 19103
(215) 587-9900

**ATTORNEYS FOR PLAINTIFF**

K.H. ███████████ a minor by his
parent and natural guardian, SHAMARRA
HALEY, and SHAMARRA HALEY, in her
own right
249 Cardiff Way
Bear, DE 19701

vs.

TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, MN 55403
and
MARSHALL FIELD STORES INC.
1000 Nicollet Mall
Minneapolis, MN 55403
and
KAZ USA, INC.
1 Helen of Troy Plaza
El Paso, TX 79912
and
HELEN OF TROY LTD.
1 Helen of Troy Plaza
El Paso, TX 79912
and
HELEN OF TROY CORP.
1 Helen of Troy Plaza
El Paso, TX 79912
and
ABC COMPANY 1
Fictitious Name for Unknown Business Entity
Which Sold, Modified, Manufactured,
Designed, Inspected, Repaired, Tested,
Maintained and/or Marketed the Vick's Warm
Mist Humidifier bearing Model #
VWM845V2 involved in Plaintiff's accident
on March 2, 2024
and
ABC COMPANY 2

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2026

NO.

Case ID: 260202890

Fictitious Name for Unknown Business Entity
Which Sold, Modified, Manufactured,
Designed, Inspected, Repaired, Tested,
Maintained and/or Marketed the Vick's Warm
Mist Humidifier bearing Model #
VWM845V2 involved in Plaintiff's accident
on March 2, 2024
and
ABC COMPANY 3
Fictitious Name for Unknown Business Entity
Which Sold, Modified, Manufactured,
Designed, Inspected, Repaired, Tested,
Maintained and/or Marketed Component Parts
of the Vick's Warm Mist Humidifier bearing
Model # VWM845V2involved in Plaintiff's
accident on March 2, 2024

## CIVIL ACTION
## COMPLAINT

1.    Plaintiff, K.H. ████████, is a minor and sues by his parent and natural guardian, Shamarra Haley, and resides with her at 249 Cardiff Way Bear, DE 19701.

2.    Plaintiff, Shamarra Haley, is an individual who resides at 249 Cardiff Way Bear, DE 19701.

3.    Defendant, Target Corporation, is a Minneapolis business organization with a principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

4.    Defendant, Marshall Field Stores Inc., is a Delaware business organization with a principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

5.    Defendant, KAZ USA, Inc., is a Texas business organization with a principal place of business located at 1 Helen of Troy Plaza El Paso, TX 79912.

6.    Defendant, Helen of Troy Ltd., is a Texas business organization with a principal place of business located at 1 Helen of Troy Plaza El Paso, TX 79912.

7. Defendant, Helen of Troy Corp., is a Texas business organization with a principal place of business located at 1 Helen of Troy Plaza El Paso, TX 79912.

8. Defendant, ABC Company 1, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Vick's Warm Mist Humidifier bearing Model # VWM845V2 involved in Plaintiff's accident on March 2, 2024.

9. Defendant, ABC Company 2, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Vick's Warm Mist Humidifier bearing Model # VWM845V2 involved in Plaintiff's accident on March 2, 2024.

10. Defendant, ABC Company 3, is a fictitious name for unknown business entity which sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed the Vick's Warm Mist Humidifier bearing Model # VWM845V2 involved in Plaintiff's accident on March 2, 2024.

11. Plaintiffs herein sue using the "ABC Company 1" and "ABC Company 2" and "ABC Company 3" fictitious designations pursuant to Pa. R.C.P. 2005, in that after all due diligence thus far, defendants' names are presently unknown to the plaintiff after conducting a reasonable search.

12. At all relevant times, the above listed Defendants purposefully established significant contacts in Pennsylvania, and have carried out, and continue to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

13.    At all times, the above listed Defendants conducted business and delivered services in Philadelphia County, deriving substantial compensation therefrom, and did so in an ongoing and systematic nature.

14.    Venue is proper in the County of Philadelphia as one or more of the Defendants regularly conduct business in the county, pursuant to Pennsylvania Rule of Civil Procedure No. 2179(a)(2).

15.    At all times material herein, Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 were acting through their respective agents, servants, workmen and/or employees who were acting within the course and scope of their agency, service, and/or employment.

16.    Prior to March 2, 2024, the Vick's Warm Mist Humidifier bearing Model # VWM845V2 involved in Plaintiff's accident on March 2, 2024 (the "Humidifier" or the "product") and/or its component parts were sold, modified, manufactured, designed, inspected, repaired, tested, maintained and/or marketed by Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 (the "Defendants").

17.    Prior to March 2, 2024, Defendants' own marketing and/or advertising portrayed the use of the product by infants and/or toddlers as seen in the following:



(Screenshot captured on March 25, 2025 from
https://www.vickshumidifiers.com/products/humidifiers/vicks-warm-mist-humidifier-1/)

18.    Prior to March 2, 2024, Defendants own marketing and/or advertising

intentionally targeted the parents of infants and/or toddlers as seen in the following:



(Screenshot captured on March 25, 2025 from
https://www.vickshumidifiers.com/products/humidifiers/vicks-warm-mist-humidifier-1/)

19.    Given the blatant effort to target the parents of infants and/or toddlers with its

marketing and/or advertising, it was incumbent upon Defendants to design and manufacture a

product that would be safe for use around infants and/or toddlers, including designing and

manufacturing a product that would not spew and/or release and/or discharge water at

Case ID: 260202890

temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned.

20. Given the blatant effort to target the parents of infants and/or toddlers with its marketing and/or advertising, it was incumbent upon Defendants to provide proper warnings that indicated that the Humidifier would spew and/or release and/or discharge water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned.

21. Unbeknownst to Plaintiff, the Humidifier was designed, manufactured, and distributed in a defective and unreasonably dangerous condition in that *inter alia* the Humidifier would spew and/or release and/or discharge water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned.

22. On or about March 2, 2024, the Humidifier was being run in a bedroom that K.H. ██████████ shared with other family members.

23. The humidifier was placed on a shelf in the bedroom.

24. The humidifier was inadvertently knocked and/or overturned when suddenly, and without warning, scalding hot water spewed and/or released and/or discharged from the Humidifier onto K.H. ██████████.

25. The Humidifier was used on March 2, 2024 without any knowledge of the issues and/or hazards and/or defects.

26. The Humidifier was used on March 2, 2024 without any knowledge that the Humidifier would spew and/or release and/or discharge water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned.

27.    The Humidifier lacked proper warnings that the Humidifier would spew and/or release and/or discharge water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned.

28.    Upon information and belief, the Defendants did not conduct a hazard and/or risk analysis and did not conduct adequate testing and investigation to determine whether the product presented an unreasonable risk of harm during the expected use of the product, prior to the sale and/or distribution of the Humidifier.

29.    At all times relevant hereto, Defendants know or should have known of the severe risk of injury created by the defective and unreasonably dangerous design and manufacture of the Humidifier, but failed to modify the product, failed to recall the product, and/or failed to warn of the serious risk of harm.

30.    Upon information and belief, the Humidifier had a defective design that was similar to products that were the subject of recalls due to their defective design, yet Defendants failed to issue a similar recall.

31.    As a result of this incident, Plaintiff was caused to suffer serious and permanent injuries more specifically set forth hereinafter.

32.    Plaintiff's injuries were the direct result of the conduct of the Defendants and the negligent, reckless, and defective design and manufacture of the Humidifier.

**Count I- Strict Product Liability**

K.H.

**█████████████, A MINOR BY HIS PARENT AND NATURAL GUARDIAN, SHAMARRA HALEY V. DEFENDANTS TARGET CORPORATION, MARSHALL FIELD STORES INC., KAZ USA, INC., HELEN OF TROY LTD., HELEN OF TROY CORP., ABC COMPANY 1, ABC COMPANY 2 AND ABC COMPANY 3**

33.    Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

34.    Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, are strictly liable under §402(A) of the Restatement (Second) of Torts because:

a.  Defendants engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream humidifiers, including the Humidifier that injured Plaintiff;

b.  The product involved in the subject incident was marketed and/or placed in the general stream of commerce by Defendants;

c.  The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce;

d.  The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above and below.

35.    The Humidifier was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the Humidifier outweighed the burden or costs of taking precautions.

36.    The Humidifier was also dangerous and defective by virtue of the failure of the Defendants to furnish the Humidifier with adequate warnings and instructions.

Case ID: 260202890

37.    Notwithstanding knowledge of the dangers and hazards associated with the design of the product as described herein, Defendants continued to distribute and sell the product to consumers.

38.    Defendants breached its duties, by and through their agents, servants, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent and/or reckless in the performance of its obligations.

39.    The defective condition of the Humidifier caused severe internal and external injuries in and about the head, body and limbs, including but not limited to: burns to the left ear, forehead, cheek, chest, and arm, and a severe and permanent shock to Plaintiff's nervous system, all of which have caused him and will continue to cause him great pain and agony, and have prevented him and will continue to prevent him in the future from attending to his daily duties and occupation, all to his great financial damage and loss.

40.    Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure himself of his said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

41.    As a further result of the accident and the injuries sustained therein, Plaintiff has and may suffer lost wages and an impairment of his earning capacity and power, all of which has been and will continue to be to his great financial damage and loss.

42.    Defendants are therefore strictly liable to Plaintiff.

WHEREFORE, K.H. ███████████, a minor by his parent and natural guardian, Shamarra Haley, demands judgment against the Defendants Target Corporation, Marshall Field Stores Inc., KAZ USA, Inc., Helen of Troy Ltd., Helen of Troy Corp., ABC Company 1, ABC Company 2 and

ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

## Count II- Negligence and Recklessness

K.H.

**████████████, A MINOR BY HIS PARENT AND NATURAL GUARDIAN, SHAMARRA HALEY V. DEFENDANTS TARGET CORPORATION, MARSHALL FIELD STORES INC., KAZ USA, INC., HELEN OF TROY LTD., HELEN OF TROY CORP., ABC COMPANY 1, ABC COMPANY 2 AND ABC COMPANY 3**

43.     Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

44.     At all relevant times, Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed Plaintiff the duty to design the Humidifier in such a manner and with the exercise of reasonable care, so as to prevent it from presenting an unreasonable risk of harm to potential users of the Humidifier and placing it into the stream of commerce.

45.     At all relevant times, Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed Plaintiff the duty to manufacture, assemble, inspect and/or test the Humidifier in such a manner and with the exercise of reasonable care, so as to prevent it from presenting an unreasonable risk of harm to potential users of the Humidifier.

46.     At all relevant times, Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 owed a duty to unambiguously

Case ID: 260202890

warn consumers and/or intended users of the Humidifier, including Plaintiff, of known or suspected defects that rendered the Humidifier unreasonably dangerous to use.

47.    Upon information and belief, Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 knew or had reason to know that the Humidifier posed an unreasonable risk of harm by virtue of informal and formal claims arising from substantially similar incidents, internal testing and research, industry publications and research, and other sources of information to be developed in discovery.

48.    Defendants Target Corporation and/or Marshall Field Stores Inc. and/or KAZ USA, Inc. and/or Helen of Troy Ltd. and/or Helen of Troy Corp. and/or ABC Company 1 and/or ABC Company 2 and/or ABC Company 3 breached the above-cited duties in various ways, including but not limited to, one or more of the following acts constituting carelessness, recklessness, wanton misconduct, and negligence:

a.  By failing to use due care in designing and manufacturing the Humidifier to prevent the Humidifier from spewing and/or releasing and/or discharging water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned

b.  By failing to use due care in designing the Humidifier and failing to incorporate additional safety devices to Humidifier from spewing and/or releasing and/or discharging water at temperatures that could cause significant burns to infants and/or toddlers, if knocked over or overturned;

c.  By failing to use due care in designing and Humidifier to prevent users from being exposed to the hot water at temperatures that could cause significant burns;

d.  By failing to issue a mandatory recall of the Humidifier once it became aware of defects;

e.  Failing to inspect the Humidifier;

f.  Failing to properly test the design of the Humidifier;

g.  Placing the product into the stream of commerce despite knowledge that the use of the product could result in serious and permanent injury;

h.  By failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the Humidifier's safety devices to fail as described above;

i.  By negligently failing to unambiguously warn purchasers and end users of the Humidifier, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

j.  By failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Humidifier while in the possession of Defendants, and during which times employees, servants or agents of Defendants had an opportunity to inspect, service and work on the Humidifier;

k.  Failing to provide a reasonably safe product;

l.  Failing to provide adequate warnings and/or instructions;

m. Disregarding available information demonstrating that the design of the product created an unreasonable risk of serious and permanent injury to users of the product;

n. Failing to ensure that the product complied with all applicable voluntary and mandatory industry standards, statutes, and regulations;

49.    Defendants knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the Humidifier would or could give rise to serious bodily injuries to such users.

50.    The Humidifier's defective condition was not visible and Plaintiff was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

51.    Defendants' carelessness, recklessness, wanton misconduct, and negligence, as alleged in this Count, directly and proximately caused the accident and Plaintiff's injuries resulting from the accident.

52.    As a direct result of the defendants' carelessness, recklessness, wanton misconduct, and negligence as aforesaid, Plaintiff sustained severe internal and external injuries in and about the head, body and limbs, including but not limited to: burns to the left ear, forehead, cheek, chest, and arm, and a severe and permanent shock to Plaintiff's nervous system, all of which have caused him and will continue to cause him great pain and agony, and have prevented him and will continue to prevent him in the future from attending to his daily duties and occupation, all to his great financial damage and loss.

53.    Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure

himself of his said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

54.    As a further result of the accident and the injuries sustained therein, Plaintiff has and may suffer lost wages and an impairment of his earning capacity and power, all of which has been and will continue to be to his great financial damage and loss.

55.    Plaintiff avers that the defendants, and all of them, directly and/or through their agents, servants, workmen and/or employees, had or should have had notice of the existence of the said dangerous and defective conditions as described in the prior paragraphs of this Complaint.

56.    Plaintiff avers that Plaintiff's injuries and damages were caused solely by the negligence, carelessness, wanton misconduct, and recklessness of the defendants, and all of them, as hereinbefore set forth.

WHEREFORE, **K.H.** ▓▓▓▓▓▓▓▓, a minor by his parent and natural guardian, Shamarra Haley, demands judgment against the Defendants Target Corporation, Marshall Field Stores Inc., KAZ USA, Inc., Helen of Troy Ltd., Helen of Troy Corp., ABC Company 1, ABC Company 2 and ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

## Count III- PUNITIVE DAMAGES

**K.H.** ▓▓▓▓▓▓▓▓**, A MINOR BY HIS PARENT AND NATURAL GUARDIAN, SHAMARRA HALEY V. DEFENDANTS TARGET CORPORATION, MARSHALL FIELD STORES INC., KAZ USA, INC., HELEN OF TROY LTD., HELEN OF TROY CORP., ABC COMPANY 1, ABC COMPANY 2 AND ABC COMPANY 3**

57.    Plaintiff incorporates herein by reference the averments contained in the foregoing paragraphs, inclusive as fully as though the same were herein set forth at length.

58. At all times material herein, Defendants, acted in a willful, wanton, reckless, intentional and callous disregard for the safety of potential users of the Humidifier, including Plaintiff, more specifically as previously set forth.

59. Defendants' conduct rises to the level of outrageous conduct by the willful, reckless and gross negligence, more specifically as previously set forth.

60. Defendants' conduct rises to the level of outrageous conduct and demonstrates reckless indifference to the interest of the public, including Plaintiff.

61. Defendants acted in a willful, wanton and callous disregard for the safety of Plaintiff.

62. Defendants' actions constitute outrageous, willful and/or wanton misconduct and manifested a reckless disregard and indifference to the rights of others, including Plaintiff, to support an award of punitive damages.

63. As a direct and proximate result of the willful, wanton, reckless, intentional and callous acts of the Defendants as aforesaid, Plaintiff sustained severe injuries.

WHEREFORE, **K.H.** ████████████, a minor by his parent and natural guardian, Shamarra Haley, demands judgment against the Defendants Target Corporation, Marshall Field Stores Inc., KAZ USA, Inc., Helen of Troy Ltd., Helen of Troy Corp., ABC Company 1, ABC Company 2 and ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**Count IV**
**SHAMARRA HALEY V. DEFENDANTS TARGET CORPORATION, MARSHALL FIELD STORES INC., KAZ USA, INC., HELEN OF TROY LTD., HELEN OF TROY CORP., ABC COMPANY 1, ABC COMPANY 2 AND ABC COMPANY 3**

64. Plaintiff, Shamarra Haley, incorporates herein by reference the averments contained in the preceding paragraphs, as fully as though the same were herein set forth at length.

65. Plaintiff, Shamarra Haley, is the mother of plaintiff, K.H. ███████, and resides with him at 249 Cardiff Way Bear, DE 19701.

66. As a direct result of the negligence, carelessness, recklessness of the defendants as aforesaid, plaintiff, Shamarra Haley, has been obliged to expend various sums of money for medicine and medical attention to cure her minor son of his injuries and may be required to expend additional sums of money in the future, all to her great financial damage and loss.

67. In addition, as a result of her son's injuries, Shamarra Haley was caused to miss work and lose wages, all to her great financial damage and loss.

WHEREFORE, Shamarra Haley, demands judgment against the Defendants Target Corporation, Marshall Field Stores Inc., KAZ USA, Inc., Helen of Troy Ltd., Helen of Troy Corp., ABC Company 1, ABC Company 2 and ABC Company 3, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

DISANDRO & MALLOY, P.C.

BY: _____

ROBERT A. DISANDRO, ESQUIRE
ATTORNEY FOR PLAINTIFF

Date: 2/20/26

# VERIFICATION

I,    Shamarra Haley                            , make this verification subject to the penalties of 18 Pa. C.S.A. '4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

_Shamarra_

2/20/26
Dated:

Case ID: 260202890